**SEMMES, BOWEN & SEMMES,**
**Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 93–386 T.**

United States Court of Federal Claims.

Nov. 5, 1993.*

---

* This Opinion was filed unpublished on November 5, 1993. Thereafter, defendant filed a Request for Publication pursuant to RUSCFC 52.1(b).

We grant this motion, and reissue the Opinion for publication this date, December 9, 1993.

Herman B. Rosenthal, Baltimore, MD, for plaintiff.

William K. Drew, U.S. Dept. of Justice, Washington, DC, for defendant.

**OPINION**

HODGES, Judge.

Plaintiff seeks interest on the refund of a "required payment" made under I.R.C. § 7519. A "required payment" represents the value of the tax deferral obtained by an entity using a taxable year different from the required taxable year. I.R.S. Notice 89–41, 1989–1 C.B. 681, 682. Plaintiff, a law partnership, made the payment because of its election under § 444 to use a taxable year ending February 28 rather than December 31. After terminating its § 444 election, plaintiff received a refund of its payment by check dated June 23, 1992. Plaintiff contends that the refund was due on April 15, 1992, and seeks interest for the period of the purported delay.

Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Defendant argues that § 7519 prohibits payment of interest on refunds of required payments whether or not the refund is late. For purposes of defendant's motion we will assume that the refund should have been made on April 15.

**DISCUSSION**

Plaintiff's claim is based on the general interest provision of I.R.C. § 6611. It permits interest on "any overpayment in respect of any internal revenue tax...." A required payment under § 7519 is not a tax. Plaintiff contends that a refund of a required payment made after April 15, when tax obligations for the prior year have been fulfilled, should be treated as an "overpayment of tax which it in substance represents at that point." Nothing in the statute suggests that a refund of a required payment is converted into an overpayment of tax after April 15. A refund made after that date does not lose its status as a required-payment refund.

Section 7519(f)(3) provides that "no interest shall be allowed with respect to any refund of a payment made under this section." Treas.Reg. § 1.7519–2T(a)(6)(iii) states, "No interest shall be allowed with respect to any refund of a required payment...." Plaintiff claims that this refund-interest prohibition refers only to interest earned prior to April 15; refunds made after that date are delinquent and "should be viewed as being outside the treatment as a 'refund' under IRC § 7519, no longer protected by the interest exemption of that Section." Section 7519 does not make that distinction. Its prohibition on payment of interest with respect to "any refund" applies irrespective of whether a refund is overdue.

**136**

Plaintiff also appears to claim that "simple principles of equity" would support "civil damages for abuse of the IRS's powers." Such theory of recovery is outside the jurisdiction of this court.

Plaintiff's interpretation of §§ 6611 and 7519 would produce a result that violates the obvious meaning of those provisions. The language of a statute ordinarily must be regarded as conclusive absent a clearly expressed legislative intention to the contrary. *Mostowy v. United States*, 966 F.2d 668, 671 (Fed.Cir.1992), quoting *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

### CONCLUSION

Section 7519 and the regulations prohibit the relief sought by plaintiff. Defendant's motion to dismiss is GRANTED. The Clerk will dismiss the complaint. Costs to defendant.